UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:08-200

DARRYL KEITH BAKER,                                                                                          PETITIONER,

v.                                  **OPINION AND ORDER**

TOM SIMPSON, Warden,                                                            RESPONDENT.

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and the Respondent's Motion to Dismiss the petition (DE 13). Various motions filed by the Petitioner are also now before the Court and will be addressed in this Opinion.

Consistent with local practice, this matter was referred to the United States Magistrate Judge for consideration. The Magistrate Judge filed Proposed Findings of Fact and Recommendation (DE 22) on November 5, 2008. Based on a review of the record and the applicable case law, the Magistrate Judge recommended that Respondent's Motion to Dismiss be GRANTED and the petition for writ of habeas corpus be dismissed as time-barred.

Specifically, the Magistrate Judge found that the Kentucky Court of Appeals affirmed the Petitioner's Kentucky state court conviction in a decision dated March 31, 2006; that the Kentucky Supreme Court statistically dismissed the Petitioner's petition for discretionary review on September 1, 2006 because the petitioner's filings were defective; and that there was no indication that the Petitioner filed a petition for a writ of certiori in the United States Supreme Court within 90 days of the Kentucky Supreme Court's dismissal of his appeal.

Thus, the Magistrate Judge concluded that the Petitioner's conviction became final on December 1, 2006, the conclusion of the 90-day period for filing a petition for writ of certiori in the United States Supreme Court following the Kentucky Supreme Court's decision. The Magistrate

Judge further concluded that, pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the Petitioner's petition was due by December 1, 2007, or within one year of the date of his final conviction. The Petitioner did not file his petition in this Court until May 1, 2008.

On November 14, 2008, the Petitioner's pleading styled "Motion to Appeal Decision" was filed in the record of this matter (DE 24). The Court has construed the Petitioner's Motion as Objections to the Magistrate Judge's recommendation. This Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C).

In his objections, the Petitioner appears to state that he did, in fact, file a petition for a writ of certiori with the United States Supreme Court following the Kentucky Supreme Court's dismissal of his appeal. The Petitioner attaches a document from the Kentucky Supreme Court dated January 10, 2007 in which the court states that it is returning the Petitioner's motion to proceed in forma pauperis and for appointment of counsel because it is not allowed under the rules.

The Court agrees with the Magistrate Judge's conclusion that there is no indication in the record of this matter that the Petitioner filed a petition for a writ of certiori in the United States Supreme Court after the Kentucky Supreme Court's dismissal of his appeal. Accordingly, the Court agrees with the Magistrate Judge's conclusion that the Petitioner's habeas petition before this Court is time-barred.

For these reasons, the Court HEREBY ORDERS as follows:

(1)   the Magistrate Judge's Proposed Findings of Fact and Recommendation (DE 22) are hereby ADOPTED as the Opinion of the Court;

(2)   the Respondent's Motion to Dismiss (DE 13) is GRANTED and the Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is DISMISSED;

(3)   the Petitioner's objections to the Magistrate Judge's Proposed Findings of Facts and Recommendation are OVERRULED;

(4)   the Petitioner's Motion to Reconsider (DE 15), in which he appears to ask the Court to deny the Respondent's Motion to Dismiss and to deny the Respondent's Motion for Extension of Time previously granted by the Court is DENIED;

(5)   the Petitioner's Motion to Require Respondent [to] Serve Petitioner with Pleadings (DE 16) is DENIED as moot;

(6)   the Petitioner's Motion to Dismiss (DE 17) in which he appears to ask the Court to dismiss his state court conviction for being a persistent felon is DENIED;

(7)   the Petitioner's Motion for Bail or Release (DE 18) is DENIED;

(8)   the Petitioner's Motion to File Answer to All Respondent's Motions (DE 19) is DENIED as moot;

(9)   the Petitioner's Motion to Require Respondent to Give a Rule 5 Answer (DE 20) and Motion to Order Respondent to Give Rule 5 Answer (DE 21) are DENIED as moot;

(10)  the Petitioner's Motion to Expunge Charges (DE 28) is DENIED as moot; and

(11)  Judgment will be entered contemporaneously with this Opinion and Order in favor of Respondent.

Dated this 13th day of January, 2009.



Signed By:

*Karen K. Caldwell*   KKC

**United States District Judge**